1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD VINCENT SANDERS, aka            No.  2:14-cv-2448 GGH P
     COTTRELL L. BROADNAX,
12
                    Petitioner,
13                                          ORDER
              v.
14
     RON DAVIS,
15
                    Respondents.
16

17   _____

18        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

20        Petitioner challenges the January 16, 2013 decision of the California Board of Parole

21   Hearings to deny him parole.  Consequently, the instant petition is one for review of the execution

22   of a sentence imposed by a California state court.  See Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th

23   Cir. 2005) (denial of parole is "a decision 'regarding the execution' of" a prison sentence.)  As a

24   general rule, "[t]he proper forum to challenge the execution of a sentence is the district where the

25   prisoner is confined."  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Petitioner is

26   incarcerated at Valley State Prison in Chowchilla, County of Madera, which lies in the Fresno

27   Division of the Eastern District of California.  See 28 U.S.C. § 84(a).

28   /////

                                           1

1    Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of

2 confinement have concurrent jurisdiction over applications for habeas corpus filed by state

3 prisoners.  Petitioner's conviction was in the Northern District of California; his parole board

4 denial was issued from Mule Creek State Prison, where he was previously incarcerated; he is

5 currently confined in the Fresno Division of this district.  As the Northern District found in its

6 transfer order, the proper forum for the instant challenge is in the district of confinement, which is

7 the Eastern District of California.  The proper division of the Eastern District is the Fresno

8 Division, where petitioner is confined.

9    In regard to intra-district transfers, pursuant to Local Rule 120(f), a civil action which has

10 not been commenced in the proper division of a court may, on the court's own motion, be

11 transferred to the proper division of the court.  Therefore, this action will be transferred to the

12 Fresno Division of the court.

13    In accordance with the above, IT IS HEREBY ORDERED that:

14    1. This action is transferred to the United States District Court for the Eastern District of

15 California sitting in Fresno; and

16    2.  All future filings shall reference the new Fresno case number assigned and shall be

17 filed at:

18
                    United States District Court
                    Eastern District of California
                    2500 Tulare Street
19                  Fresno, CA 93721

20 Dated: December 3, 2014

21                          /s/ Gregory G. Hollows

22                    UNITED STATES MAGISTRATE JUDGE

23

24    GGH:076/sand2448.108bph-109

25

26

27

28

                                    2