1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT SANDERS, | Case No.: 1:14-cv-01935-JLT |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Docs. 1 & 11) |
| v. | |
| RON DAVIS, | |
| Respondent. | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN 21 DAYS |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| | PETITIONER'S MOTION TO RETRACT MOTION FOR STAY IS GRANTED (Doc. 12) |
| | PETITIONER'S MOTION FOR STAY IS DISREGARDED (Doc. 8) |
| | PETITIONER'S MOTION FOR EXTENSION OF TIME IS DENIED AS MOOT (Doc. 10) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1

On September 2, 2014, Petitioner filed the original petition for writ of habeas corpus in the Northern District of California.  (Doc. 1). On October 14, 2014, Petitioner filed a motion to stay proceedings while he exhausted claims in state court.  (Doc. 8).  October 30, 2014, Petitioner filed a first amended petition and a motion for extension of time to retain an attorney.  (Docs. 10 & 11). The first amended petition appears to attempt to state two new claims for relief. [1]  Also on October 30, 2014, Petitioner filed a motion to retract the motion for stay, explaining that the California Supreme Court had denied his petition and thus the claims contained therein are now exhausted.  (Doc. 12).  On December 4, 2014, the matter was transferred to this Court.  (Doc. 15).     Petitioner challenges the California court decisions upholding a January 16, 2013, decision of the California Board of Parole Hearings ("BPH"), concluding that Petitioner was unsuitable for parole for seven years.  (Doc. 11, p. 134; 145).  In the state Court, Petitioner claimed that the BPH's decision was based on unreliable confidential information and insufficient non-confidential information to constitute "some evidence" that he posed a current risk of danger to the public if released on parole.  (Id.).

**I.  Preliminary Screening of the Petition.**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not

---

[1] Petitioner appears to misunderstand the Federal Rules of Civil Procedure. Petitioner has submitted a first amended petition before any responsive pleading has been filed.  Pursuant to Federal Rule of Civil Procedure 15(a), Petitioner is entitled to do so without leave of Court.  However, once docketed, such an amended pleading **supersedes**, rather than supplements, the original petition.  The first amended petition, though, appears to strongly rely on the allegations in the original petition and appears only to attempt to state two additional claims, i.e., that he has filed a federal petition and newly discovered evidence, rather than to **supersede and replace** the two claims already contained in the original petition. (Doc. 11, pp. 53-55). In an effort to give Petitioner the benefit of the doubt, the Court will construe the first amended petition as a supplement to the original petition, thus preserving the claims contained in the original petition as well as those presented in the first amended petition.  The benefit to Petitioner of the Court's construction of the two pleadings, however, is de minimus since all of the claims are premised on the theory that the BPH's decision was founded on insufficient or unreliable evidence.  Thus, as discussed herein, the claims fail to invoke this Court's habeas jurisdiction.

2

1  sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.

2  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a

3  petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.

4  Hendricks, 908 F.2d at 491.

5          Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition

6  for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion

7  to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas

8  Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

9  **II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus**

10         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

12 filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

13 Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

14 The instant petition was filed on September 2, 2014, and thus, it is subject to the provisions of the

15 AEDPA.

16         Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

17 Rehabilitation who is serving an indeterminate sentence of 40 years-to-life imposed after Petitioner's

18 1993 conviction for murder and attempted murder.  (Doc. 11).  Petitioner does not challenge either his

19 conviction or sentence; rather, Petitioner challenges the decision of the BPH finding him unsuitable

20 for parole following a January 16, 2013 hearing. Petitioner points to multiple defects in the BPH's

21 decision-making process, e.g., lack of sufficient evidence of dangerousness, Petitioner's innocence,

22 reliance by the Board on unreliable confidential information, Petitioner's progress in various prison

23 programs, etc.  However, boiled down to its essentials, Petitioner contends that the Board's decision

24 was not supported by "some evidence" as required by state law.  Such a contention is insufficient to

25 invoke this Court's habeas jurisdiction and requires dismissal of the petition.

26         A.  Substantive Due Process Claims And California's "Some Evidence" Standard

27         As discussed more fully below, the claims in the first amended petition sound exclusively in

28 substantive federal due process and therefore are not cognizable in these proceedings.

3

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v. Cooke, 562 U.S.___,  131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke, 562 U.S.___,  131 S.Ct. 859.  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn

4

1   requires fair procedures with respect to the liberty interest.  Swarthout, 131 S.Ct. at 861.

2       However, the procedures required for a parole determination are the minimal requirements set

3   forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100

4   (1979).[1]  Id..  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest

5   because there was an absence of "some evidence" to support the decision to deny parole.  In doing so,

6   the High Court stated as follows:

7       There is no right under the Federal Constitution to be conditionally released before the
        expiration of a valid sentence, and the States are under no duty to offer parole to their
8       prisoners.  (Citation omitted.)  When, however, a State creates a liberty interest, the Due
        Process Clause requires fair procedures for its vindication–and federal courts will review the
9       application of those constitutionally required procedures.  In the context of parole, we have
        held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject
10      to a parole statute similar to California's received adequate process when he was allowed an
        opportunity to be heard and was provided a statement of the reasons why parole was denied.
11      (Citation omitted.)

12

13  Swarthout, 131 S.Ct. at 862.

14      The Court concluded that the petitioners had received the due process to which they were due:

15      They were allowed to speak at their parole hearings and to contest the evidence against them,
16      were afforded access to their records in advance, and were notified as to the reasons why
        parole was denied...

17

18      That should have been the beginning and the end of the federal habeas courts' inquiry into
        whether [the petitioners] received due process.

19

20  Id.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive

21  federal requirement, and correct application of the State's "some evidence" standard is not required by

22  the federal Due Process Clause.  Id.  The Supreme Court emphasized "the responsibility for assuring

23  that the constitutionally adequate procedures governing California's parole system are properly applied

24  rests with California courts, and is no part of the Ninth Circuit's business."  Id. at 863.

25      Swarthout thus forecloses any claims premised upon California's "some evidence" rule

26

27  [1]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or
    denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28  to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
    evidence relied upon in coming to the decision.  Id.

because this Court cannot entertain substantive due process claims related to California's application of its own laws.  Here, the claims in the petition sound *exclusively* in substantive due process and are therefore foreclosed by <u>Swarthout</u>.  Review of the record for "some evidence" or for a "nexus" between present dangerousness and certain pre-determined indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, or improper reliance upon unreliable evidence, or newly discovered evidence of innocence, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254 according to the United States Supreme Court.  Accordingly, the petition should be summarily dismissed.

Moreover, to the extent that the claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  <u>Wilson v. Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B.   Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to <u>procedural</u> due process.  Petitioner has included a transcript of the BPH hearing with his original petition.  (Doc. 1, Ex. 1, p. 94 et seq.).  From that transcript, it is clear that Petitioner was present at the BPH hearing (<u>id</u>., p. 94), that he had an extensive opportunity to be heard (<u>e.g., id</u>., pp. 98; 107-133; Ex. 2, pp. 1-21; pp. 63-71; pp. 91-100), that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf (<u>e.g., id</u>., Ex. 2, pp. 77-90), and that Petitioner received a statement of the Board's reasons for denying  parole while present at the hearing.  (Doc. 1, Ex. 2, pp. 100-119).

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." <u>Swarthout</u>, 131 S.Ct. at 862.  "The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16.  Therefore, the instant petition and first amended petition do not present cognizable claims for relief and should be summarily dismissed.  As the United States Supreme Court has explained, any claims regarding the

lack of "some evidence" or use of unreliable evidence or discovery of "new" evidence to support or counter the BPH's decision are issues exclusively within the province of the state court, and do not raise cognizable federal habeas corpus claims.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1.  Petitioner's motion to retract motion for stay (Doc. 12), is GRANTED;

2.  Petitioner's motion for stay (Doc. 8), is hereby DISREGARDED;

3.  Petitioner's motion for a thirty-day extension of time to retain an attorney (Doc. 10), is DENIED as MOOT;

4.  The Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within 10 days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

///

1    The parties are advised that failure to file objections within the specified time may waive the

2    right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4    IT IS SO ORDERED.

5    Dated:   **December 9, 2014**              **/s/ Jennifer L. Thurston**

6                                                UNITED STATES MAGISTRATE JUDGE

8